LAW OFFICES OF HOWARD E. GREENBERG, ESQ., P.C.
ATTORNEYS FOR DEFENDANTS, MARTY HARTMANN, SR. AND
MARTY HARTMANN, JR.
180 EAST MAIN STREET, SUITE 308
SMITHTOWN, NEW YORK 11788
TEL: 631-982-0080
FAX: 631-982-0087
howard@hgreenberglaw.com

HOWARD E. GREENBERG, ESQ. (HEG-2773)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
-----------------------------------------------------------------X     Case No. CV-09-757
JANET HEANEY; SCOTT HEANEY;                                                (ADS-AKT)
CURT MATZINGER; JEAN MATZINGER;
FARRAH SILVERSTEIN; JANIS SILVERSTEIN;
DARLENE A. WILSON,

                                    *Plaintiffs*,

                    -against-

NICHOLAS COSMO, individually and in his                    **DEFENDANTS**
official capacity as president of                          **MARTY HARTMANN**
AGAPE WORLD, INC., AGAPE MERCHANT                          **SR.'S AND MARTY**
ADVANCE LLC, and PREMIUM PROTECTION                        **JR.'S NOTICE OF**
PLAN, LLC; AGAPE WORLD, LLC; AGAPE                         **MOTION TO**
MERCHANT ADVANCE, LLC; PREMIUM                             **DISMISS AND/OR**
PROTECTION PLAN, LLC; ANTHONY MASSARO,                     **STAY**
individually and in his official capacity as
Vice President of AGAPE WORLD, INC.;
JASON KERYC, individually and in his
official capacity as Vice President of Business
Development of AGAPE WORLD, INC;
HUGH LEON ARIAS; SEBASTIAN TAUZ;
MARTY HARTMANN, SR., individually and in
his official capacity as an Officer of AGAPE
WORLD, INC.; MARTY HARTMANN, JR.,
individually and in his official capacity as an
Officer of AGAPE WORLD, INC.; JOHN DOE 1-10;
JANE DOE 8A; COMPANY 1; COMPANY 2;
JOHN DOES 11-200,

                                    *Defendants*,

-----------------------------------------------------------------X

**PLEASE TAKE NOTICE THAT,** upon the Declaration of Howard E. Greenberg, and the supporting Memorandum of Law, and all papers filed herein, Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr., by their attorney, Howard E. Greenberg, will move before the Honorable Arthur D. Spatt, United States Judge for the Eastern District of New York, for an Order (1) Dismissing the Amended Complaint against Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. in its entirety for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) Staying further proceedings in this action until determination of the herein Motion to Dismiss; (3) in the alternative, Staying this action until conclusion of the related Bankruptcy case and ongoing federal criminal investigation of various defendants herein; and (4) for such other and further relief as this Court should deem just and proper.

Dated: October 22, 2009
      Smithtown, New York

                                        _____
                                     Howard E. Greenberg, Esq. (HEG-2773)

                                    **THE LAW OFFICES OF**
                                    **HOWARD E. GREENBERG, ESQ., P.C.**
                                    *Attorneys for the Defendants,*
                                    *Marty Hartmann, Sr.*
                                    *Marty Hartmann, Jr.*
                                    180 East Main Street, Suite 308
                                    Smithtown, New York 11787
                                    Tel: 631-982-0080
                                    Fax: 631-982-0087
                                    howard@hgreenberglaw.com

**To:** Joseph N. Campolo, Esq.
     Campolo, Middleton & Associates, LLP
     *Attorneys for Plaintiffs*
     3340 Veterans Highway, Suite 400
     Bohemia, New York 11716

     Ira S. Newman, Esq.
     *Attorney for Defendant, Sebastian Tauz*
     98 Cutter Mill Road, Suite 441 South
     Great Neck, New York 11021

Chad D. Seigel, Esq.
Tacopina Seigel and Turano, PC
*Attorney for Anthony Massaro*
275 Madison Avenue, 35th Floor
New York, New York 10016

Joseph D. McCann, Esq.
Murray & McCann
*Attorneys for Jason Keryc*
100 Merrick Road, Suite 514W
Rockville Centre, New York 11570

LAW OFFICES OF HOWARD E. GREENBERG, ESQ., P.C.
ATTORNEYS FOR DEFENDANTS, MARTY HARTMANN, SR. AND
MARTY HARTMANN, JR.
180 EAST MAIN STREET, SUITE 308
SMITHTOWN, NEW YORK 11788
TEL: 631-982-0080
FAX: 631-982-0087
howard@hgreenberglaw.com

HOWARD E. GREENBERG, ESQ. (HEG-2773)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
-----------------------------------------------------------------X   Case No. CV-09-757
JANET HEANEY; SCOTT HEANEY;                                              (ADS-AKT)
CURT MATZINGER; JEAN MATZINGER;
FARRAH SILVERSTEIN; JANIS SILVERSTEIN;
DARLENE A. WILSON,

                      *Plaintiffs,*

       -against-

NICHOLAS COSMO, individually and in his
official capacity as president of
AGAPE WORLD, INC., AGAPE MERCHANT
ADVANCE LLC, and PREMIUM PROTECTION
PLAN, LLC; AGAPE WORLD, LLC; AGAPE
MERCHANT ADVANCE, LLC; PREMIUM
PROTECTION PLAN, LLC; ANTHONY MASSARO,
individually and in his official capacity as
Vice President of AGAPE WORLD, INC.;
JASON KERYC, individually and in his
official capacity as Vice President of Business
Development of AGAPE WORLD, INC;
HUGH LEON ARIAS; SEBASTIAN TAUZ;
MARTY HARTMANN, SR., individually and in
his official capacity as an Officer of AGAPE
WORLD, INC.; MARTY HARTMANN, JR.,
individually and in his official capacity as an
Officer of AGAPE WORLD, INC.; JOHN DOE 1-10;
JANE DOE 8A; COMPANY 1; COMPANY 2;
JOHN DOES 11-200,

                      *Defendants,*

-----------------------------------------------------------------X

**DECLARATION IN
SUPPORT OF
DEFENDANTS
MARTY HARTMANN
SR.'S AND MARTY
JR.'S MOTION TO
DISMISS AND/OR
STAY**

I, **Howard E. Greenberg, Esq.**, declare under penalty of perjury:

1. That I am an attorney duly admitted to the United States District Court for the Eastern District of New York and the courts of the State of New York. That I am the principal of the Law Office of Howard E. Greenberg, Esq., attorneys for the herein Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr., and as such, am fully familiar with the facts and circumstances of this case.

2. That I make this sworn Declaration in Support of the Defendants Marty Hartmann, Sr.'s and Marty Hartmann, Jr.'s herein Motion to Dismiss the Plaintiff's Amended Complaint for failure to state a cause of action upon which relief may be granted as against such Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to Stay all Discovery and other proceedings in the action at least until the instant motion is decided. Alternatively, Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. move for a Stay of the herein proceedings based on an automatic stay and pending outcome, determination and decision in a pending bankruptcy action involving some of the herein named Co-Defendants, namely AGAPE WORLD INC., AGAPE MERCHANT ADVANCE, LLC, and three other Agape-related entities, Agape Community LLC, Agape World Bridges LLC and 1114 Parkway Drive South. Defendants Marty Hartmann, Sr.'s and Marty Hartmann, Jr.'s Motion for a Stay of the herein proceedings is also based on the on-going criminal investigations undertaken by the United States Attorneys Office of the above named Defendants, and the federal indictment of Co-Defendant Nicholas Cosmo. *See* <u>United States v. Nicholas Cosmo</u>, 09-CR-255 (U.S.D.C., E.D.N.Y.) (DRH) (ETB) filed April 23, 2009.

3. That Defendants Marty Hartmann, Sr., Marty Hartmann, Jr. and their counsel undersigned, have had the opportunity to do an extensive and detailed review of the facts and circumstances of this case and of the Co-Defendant, Jason Keryc's, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); Motion to Stay pending a determination of such Motion to Dismiss; Motion to Stay pursuant to an automatic stay and pending outcome in the aforementioned bankruptcy action; and Motion to Stay based on the ongoing criminal investigation undertaken by the United States Attorneys Office of the above named Defendants, and the federal indictment of Co-Defendant Nicholas Cosmo. In the interest of judicial economy and expediency, Defendants Marty Hartmann, Sr., Marty Hartmann, Jr., confirm, adopt, incorporate by reference and join in such application on the same and/or similar grounds as those asserted in Co-Defendant Jason Keryc's Motion to Dismiss, namely the declaration of Francis J. Murray, dated September 22, 2009, counsel for Co-Defendant Jason Keryc, and said Defendant's accompanying Memorandum of Law in Support of such Motion to Dismiss and/or Stay, also dated September 22, 2009 and submitted by Joseph D. McCann, Esq., of counsel to Co-Defendant Jason Keryc. As to conserve judicial time and resources and avoid repetition, such arguments and extensive legal authority are confirmed and adopted and will not be set forth in full herein.

4. That as discussed in detail in the moving Defendants Marty Hartmann, Sr.'s and Marty Hartmann, Jr.'s Memorandum of Law and Co-Defendant Jason Keryc's Motion to Dismiss, namely the Declaration of Francis J. Murray and the accompanying Memorandum of Law in Support of such Motion to Dismiss and/or Stay, the Plaintiffs

have failed to plead facts sufficient to state a cause of action upon which relief may be granted. As such, a dismissal of the herein Amended Complaint is proper.

5. That as discussed in Co-Defendant Jason Keryc's Motion to Dismiss, namely the Declaration of Francis J. Murray and the accompanying Memorandum of Law in Support of such Motion to Dismiss and/or Stay, this action should be stayed until the herein moving Defendants' Motion to Dismiss is decided by this Court, as there are multiple pleading defects that militate toward a grant of dismissal. Further, the nature and complexity of the proceedings herein, the distinct possibility of the addition of new parties, the likely assertions of multiple counterclaims as the moving Defendants have already asserted herein, further point to a discovery period that will be massive and complex; which could become moot should this Court grant dismissal. A Stay of the herein proceedings at least until determination of the instant Motion is proper under such circumstances.

6. That also as discussed in Co-Defendant Jason Keryc's Motion to Dismiss, namely the Declaration of Francis J. Murray and the accompanying Memorandum of Law in Support of such Motion to Dismiss and/or Stay, there is a pending bankruptcy proceeding as against some of the named corporate Co-Defendants in the herein matter, and the assertion of counterclaims as against such entities will further complicate and affect such bankruptcy proceedings. As the moving Defendants have already asserted such claims, such assertions and the likelihood of additional assertions of counterclaims by the other co-defendants constitute the special circumstances required for the Stay of

this action as against Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr.

Accordingly, a Stay of the herein proceedings is proper until a determination is made in

such action.


      7. That also as discussed Co-Defendant Jason Keryc's Motion to Dismiss, namely

the Declaration of Francis J. Murray and the accompanying Memorandum of Law in

Support of such Motion to Dismiss and/or Stay, there is an ongoing criminal investigation

by the United States Attorneys Office of the named Defendants in this action as well as

the federal indictment of Co-Defendant Nicholas Cosmo. The herein moving Defendants

have already retained criminal counsel pursuant to such. Should this action not be stayed,

the moving Defendants would be forced to choose between their Fifth Amendment Right

against Self-Incrimination and defending against the claims of the Plaintiff herein.

Further pointing to the propriety of a Stay of the proceedings herein, the Plaintiffs stand

to benefit from the government investigation as they may assert collateral estoppel to

assist them in proving their case. Even further, in the interest of judicial economy, the

Court could equally benefit and be assisted by such investigation and criminal

indictments. There is also a substantial likelihood of additional civil suits being filed

pursuant to the matters herein. Accordingly, a Stay of the herein proceedings is proper

until a determination of the criminal investigation and proceedings as against Co-

Defendant Nicholas Cosmo.

**WHEREFORE,** for the reasons stated herein and Defendant Jason Keryc's Motion to Dismiss as adopted and incorporated by reference by the Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. herein, this Court Order (1) Dismissing the Amended Complaint against Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. in its entirety for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) Staying further proceedings in this action until determination of the motion to dismiss;(3) in the alternative, Staying this action until conclusion of the related Bankruptcy case and ongoing federal criminal investigation of various defendants herein; and (4) for such other and further relief as this Court deems just and proper.

Dated:  October 22, 2009
        Smithtown, New York

By:_____
        Howard E. Greenberg, Esq. (HEG-2773)

**LAW OFFICES OF**
**HOWARD E. GREENBERG, ESQ., P.C.**
*Attorneys for the Defendants,*
*Marty Hartmann, Sr.*
*Marty Hartmann, Jr.*
180 East Main Street, Suite 308
Smithtown, New York 11787
Tel: 631-982-0080
Fax: 631-982-0087
howard@hgreenberglaw.com

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
-------------------------------------------------------------------X
JANET HEANEY; SCOTT HEANEY;
CURT MATZINGER; JEAN MATZINGER;
FARRAH SILVERSTEIN; JANIS SILVERSTEIN;
DARLENE A. WILSON,

                  *Plaintiffs,*

    -against-

NICHOLAS COSMO, individually and in his
official capacity as president of
AGAPE WORLD, INC., AGAPE MERCHANT
ADVANCE LLC, and PREMIUM PROTECTION
PLAN, LLC; AGAPE WORLD, LLC; AGAPE
MERCHANT ADVANCE, LLC; PREMIUM
PROTECTION PLAN, LLC; ANTHONY MASSARO,
individually and in his official capacity as
Vice President of AGAPE WORLD, INC.;
JASON KERYC, individually and in his
official capacity as Vice President of Business
Development of AGAPE WORLD, INC;
HUGH LEON ARIAS; SEBASTIAN TAUZ;
MARTY HARTMANN, SR., individually and in
his official capacity as an Officer of AGAPE
WORLD, INC.; MARTY HARTMANN, JR.,
individually and in his official capacity as an
Officer of AGAPE WORLD, INC.; JOHN DOE 1-10;
JANE DOE 8A; COMPANY 1; COMPANY 2;
JOHN DOES 11-200,

                  *Defendants,*

-------------------------------------------------------------------X

Case No. CV-09-757
(ADS-AKT)

**DEFENDANTS MARTY HARTMANN SR.'S AND MARTY HARTMANN JR.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED COMPLAINT AND MOTION TO STAY THE PROCEEDINGS**

                             *51*

                        **LAW OFFICES OF
HOWARD E. GREENBERG, ESQ., P.C.**
                        180 East Main Street, Suite 308
                        Smithtown, New York 11787
                        631-982-0080

In the interests of judicial economy and avoiding repetition, and as the facts and legal issues surrounding Defendants Marty Hartmann Sr.'s and Marty Hartmann, Jr.'s Motion to Dismiss the Plaintiffs' Amended Complaint and to Stay all proceedings are substantially similar to Defendant Jason Keryc's Motion to Dismiss and to Stay all proceedings and applicable to Defendants Marty Hartmann Sr. and Marty Hartmann, Jr. herein, such Defendants confirm, adopt and incorporate by reference herein, the entirety of Defendant Jason Keryc's Memorandum of Law in Support of the Motion to Dismiss the Complaint and Stay all proceedings filed on September 22, 2009.

As detailed in Co-Defendant Jason Keryc's Motion to Dismiss, the Plaintiffs' Amended Complaint is comprised of an amassed conglomerate of conclusory and speculative assertions that are repetitive and that fail to meet the pleading requirements as required by the Federal Rules of Civil Procedure Rule 8(a) and Rule 9(b). As discussed in Co-Defendant Jason Keryc's Motion to Dismiss, there exist multiple pleading defects in Plaintiffs' Amended Complaint which result in a failure to state a cause of action as against such Defendant, as well as the moving Defendants herein. Plaintiffs' pleadings are deficient and fail to plead facts and allegations sufficient to meet the standards required to prove the causes of action they seek to assert. Such defects are also directly applicable to Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. as they are named parties in the identical causes of action asserted against Co-Defendant Jason Keryc. The Plaintiffs lengthy and repetitive allegations do not establish causes of action under the applicable federal statutes, and as such, they must be dismissed.

Specifically to Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr.,
Plaintiffs assert the same claims as alleged as against Co-Defendant Jason Keryc; Claim
1, Violation of RICO 18 U.S.C. § 1962(c), Claim 4, Violation of RICO 18 U.S.C. §
1962(d), Claim 5, Violation of Section 10(b) of "Exchange Act" 15 U.S.C. 78j(b),  Claim
6, Fraud, Claim 7, Breach of Fiduciary Duty, Claim 8, Conversion, Claim 9, Unjust
Enrichment and Claim 13, Negligent Misrepresentation. Pursuant to the legal
requirements and authority as set forth in Co-Defendant Jason Keryc's Memorandum of
Law in Support of his Motion to Dismiss, the moving Defendants Hartmann, Sr. and
Marty Hartmann, Jr. seek a dismissal of the Plaintiffs' Amended Complaint based on
such cited pleading deficiencies.

In reference to the allegations of RICO violations, the moving Defendants adopt
the position of Co-Defendant Jason Keryc in that the Plaintiffs have amassed and
categorized all defendants as an "enterprise", without establishing any basis for such
assertion and without pleading any facts to direct the defendants to the acts Plaintiffs
allege meet the standards of a "pattern of activity". Again, Plaintiffs allegations are bold,
all-inclusive assertions of racketeering activity without identification of facts to support
such allegations. Though the Plaintiffs assert the herein moving Defendants were account
representatives for the accounts in question, the Plaintiffs fail to detail any facts which
would support a finding of "scienter" on the part of the herein moving Defendants as
required for pleading claims of bank, wire and mail fraud, especially as a predicate to a
claim under the RICO statutes.

In reference to violations falling under 5, Violation of Section 10(b) of "Exchange
Act" 15 U.S.C. 78j(b), the moving Defendants further adopt the arguments as set forth in

full in Co-Defendant Jason Keryc's Motion to Dismiss, specifically that the Plaintiffs have failed to state a cause of action as they have failed to identify the alleged securities in question, but more importantly, have failed to detail how the moving Defendants "knowingly" perpetrated a fraud on the Plaintiffs. The Plaintiffs allege that the moving Defendants were account representatives for the Plaintiffs herein, however the Plaintiffs have plead no facts to support their allegations that the moving Defendants were willful participants in any alleged fraudulent scheme other than a conclusory amassing of "all defendants", seeking to hold the moving Defendants guilty by mere association.

As addressed specifically to Plaintiffs allegations of fraud, and as discussed in further detail in Co-Defendant Jason Keryc's Motion to Dismiss, Plaintiff's claims fail to detail any particularity regarding Defendant Marty Hartmann, Sr.'s and Marty Hartmann, Jr.'s association with the Co-Defendants' alleged scheme, other than claiming they were account representatives for the accounts in question. Though it is an unsettled issue of fact, Defendants Hartmann, Sr. and Marty Hartmann, Jr. were independently employed account representatives and were not officers of any of the corporate Co-Defendants, despite Plaintiffs' allegations to the contrary. As aforementioned, the Plaintiffs fail to plead with the requisite particularity with respect to their allegations of fraud as against Defendants Hartmann, Sr. and Marty Hartmann, Jr. regarding the element of "scienter", or the details of the alleged misrepresentations, inclusive of the time, place, manner, recipients, etc. Instead, the Plaintiffs make the conclusory assertion that "[d]efendants were willful participants in a criminal scheme and artifice to steal plaintiff's money by means of materially false and fraudulent pretenses, misrepresentations, and promises" and "[d]efendants had actual knowledge of the illegal activities." At no point whatsoever

do the Plaintiffs allege any facts to demonstrate any "scienter" on the part of Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. As discussed more extensively in Co-Defendant Jason Keryc's Memorandum of Law in Support of his Motion to Dismiss, the Plaintiffs claims must be dismissed for their failure to state a claim upon which relief may be granted.

Additionally, the recent United States Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) have held plaintiffs to a higher standard in pleading their allegations regarding conspiracy, association and agreement.

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)"
> - Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (Dismissing the Plaintiff's Complaint because Plaintiff Consumers' allegations of parallel conduct were insufficient to state a claim).

The Supreme Court surmised that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id. at 1959. The Plaintiff's allegations herein fail to meet that standard as they are generalized, conclusory and even taken as true, prove nothing more than the moving Defendants were account representatives for the Plaintiffs.

"[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.,* at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.,* at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."

- Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009)(Citing Twombly and dismissing the Plaintiff's Detainee's Complaint for failure to plead sufficient facts to state claim for purposeful and unlawful discrimination).

Again, the Plaintiffs fail to detail any facts which entitle them to the relief requested as against Defendant Marty Hartmann, Sr. and Marty Hartmann, Jr. Consistent with binding Supreme Court authority, this Court must dismiss the Plaintiffs' Amended Complaint.

## CONCLUSION

For the reasons stated above and upon the assertions set forth in Defendant Jason Keryc's Motion to Dismiss, Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr., respectfully request that this Court should grant such Defendants an Order (1) Dismissing the Amended Complaint against Defendants Marty Hartmann, Sr. and Marty Hartmann, Jr. in its entirety for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) Staying further proceedings in this action until determination of the motion to dismiss;(3) in the alternative, Staying this action until conclusion of the related Bankruptcy case and ongoing federal criminal investigation of various defendants herein; and (4) for such other and further relief as this Court deems just and proper.

Dated: October 22, 2009
       Smithtown, New York

By:     <u>S/                      </u>
            Howard E. Greenberg, Esq. (HEG-2773)

**LAW OFFICES OF**
**HOWARD E. GREENBERG, ESQ., P.C.**
*Attorneys for the Defendants,*
*Marty Hartmann, Sr.*
*Marty Hartmann, Jr.*
180 East Main Street, Suite 308
Smithtown, New York 11787
Tel: 631-982-0080
Fax: 631-982-0087
<u>howard@hgreenberglaw.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2009, the Defendants Marty Hartmann, Sr.'s and Marty Hartmann, Jr.'s foregoing **NOTICE OF MOTION TO DISMISS THE AMENDED COMPLAINT AND FOR A STAY OF PROCEEDINGS** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules and/or the Eastern District's Rules on Electronic Service and also by depositing a true copy of the same in an official post-paid wrapper, in the exclusive care and custody of the United States Postal Service, addressed to the following parties:

Joseph N. Campolo, Esq.
Campolo, Middleton & Associates, LLP
Attorneys for Plaintiffs
3340 Veterans Highway, Suite 400
Bohemia, New York 11716
631-738-9100

Chad D. Seigel, Esq.
Tacopina Seigel and Turano, PC
Attorney for Antony Massaro
275 Madison Avenue, 35th Floor
New York, New York 10016
212-227-8877

Ira S. Newman, Esq.
Attorney for Defendant, Sebastian Tauz
98 Cutter Mill Road, Suite 441 South
Great Neck, New York 11021
516-487-7375 tel

Joseph D. McCann, Esq.
Murray & McCann
Attorneys for Jason Keryc
100 Merrick Road, Suite 514W
Rockville Centre, New York 11570

FRANCES TYRRELL, Legal Assistant
to Howard E. Greenberg, Esq.